IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEANNA SMITH**

Plaintiff,

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of the Social Security Administration,

Defendant.

**Civ. No. 3:15-cv-00267-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Deanna Smith filed a motion, ECF No. 33, for attorney fees in the amount of $7,820.51 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant responded by moving this Court to deny the petition, arguing that the Commissioner was substantially justified in denying Plaintiff further review for social security insurance ("SSI") benefits under Title XVI of the Social Security Act. The issue before the Court is whether the Commissioner was substantially justified in denying Plaintiff's request for the Administrative Law Judge ("ALJ") to reevaluate her claim after she submitted new medical evidence on appeal. Because the Commissioner denied Plaintiff's request for review despite the fact that the new evidence may affect the ALJ's finding, the Commissioner was not substantially justified in her position. Therefore, Plaintiff's motion, ECF No. 33, is GRANTED.

## BACKGROUND

Smith applied for SSI on June 25, 2009, claiming that her disability began on July 30, 2002. Tr. 311. [1] Smith's claims were denied initially, upon reconsideration, and in an ALJ decision issued June 20, 2011. *Id.* at 137–62. After Smith requested review of the ALJ decision, the Appeals Council remanded the case on September 8, 2012 for further proceedings. *Id.* at 163–65. Smith appeared before the ALJ again on June 3, 2013, *id.* at 42–72, and December 18, 2013, *id.* at 73–93.

The ALJ denied Smith's claim in a decision dated March 14, 2014. *Id.* at 16. Smith sought review a second time and submitted new evidence of her carpal tunnel syndrome to the Appeals Council. *Id.* at 1–8. The Appeals Council considered the evidence and included it in the record but denied Smith's request. *Id.* Smith then sought judicial review before this Court. Opinion and Order, 2, ECF No. 31. I affirmed the Commissioner's decision on two issues and reversed and remanded on the third, ordering further consideration of the new evidence. *Id.* at 17.

## STANDARD OF REVIEW

The EAJA dictates that this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565). The

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as ECF No. 10.

government's "position" includes the action or failure to act upon which the civil action is based ("agency conduct") and the litigation position of the United States in the civil action. 28 U.S.C. § 2412(d)(2)(D). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).

## DISCUSSION

The EAJA creates a presumption that a court will award attorney fees to the prevailing party unless the government was substantially justified in its position. *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988). However, the fact that the Plaintiff prevailed does not raise a presumption that the government was not substantially justified. *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). Plaintiff's petition for attorney fees turns on (1) whether the Commissioner was substantially justified in her agency conduct and litigation position and (2) whether the fees Plaintiff requests are reasonable.

### I. Substantial Justification

#### a. Underlying Agency Conduct

The parties dispute whether the Commissioner's decision to deny Plaintiff's second request for review was substantially justified. On appeal to this Court, Plaintiff argued, among other things, that the Appeals Council erred in ignoring new evidence that she submitted regarding her carpel tunnel syndrome. Pl.'s Br., 10, ECF No. 17. Plaintiff contended that, in light of the vocational expert's testimony, she would have been found disabled if the ALJ credited Plaintiff's testimony (supported by the new evidence) regarding the use of her hands. *Id.* I agreed that the new evidence undermined the ALJ's finding that Plaintiff was not disabled. Opinion and Order, 15, ECF No. 31. I then concluded that the ALJ's finding was not supported by substantial

evidence and reversed and remanded the case for evaluation of the new evidence. *Id.* at 16. I also noted that the record may reflect that Plaintiff's carpal tunnel impairs her ability to work if the ALJ determines on remand that it is a severe impairment. *Id.* at 17. A finding that an agency's decision was not supported by substantial evidence is "a strong indication that the 'position of the United States'... was not substantially justified." *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). In this case, the Commissioner's failure to review the new evidence in light of the record as a whole was not substantially justified.

The Commissioner argued in her brief that the new evidence "identifies no limitations whatsoever, and therefore does not contradict the ALJ's assessment." Def.'s Br., 6, ECF No. 23. As stated in my Opinion and Order, an ALJ must consider the combined effects of a Plaintiff's impairments to function, regardless of whether each individual impairment is sufficiently severe. Opinion and Order, 17, ECF No. 31 (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); see also 20 C.F.R. § 416.923). In *Flores v. Shalala*, the Ninth Circuit held that the ALJ failed to consider evidence of plaintiff's cognitive limitations in its questioning of the vocational expert and its finding that plaintiff was not disabled. 49 F.3d 562, 565 (9th Cir. 1995), *as amended on denial of reh'g*. The court determined that the Secretary was not substantially justified in her decision to uphold that finding. *Id.* at 572. In this case, the Commissioner was not substantially justified in ignoring evidence of Plaintiff's physical limitations. On December 18, 2013, the vocational expert testified that someone with only the occasional ability of handling and fingering objects would be unable to perform the jobs available to the plaintiff given her other limitations. Tr. 91. After Plaintiff submitted the new evidence on March 14, 2014, a reasonable examination of the record would include

consideration of the combined effects of Plaintiff's impairments and would result in a grant of her request for review. Therefore, it was unreasonable for the Commissioner to determine that the new evidence did not warrant review because it alone did not identify any limitations.

In response to the Plaintiff's petition for attorney fees, the Commissioner argues that just because there is conflicting evidence in the record does not mean that her position was not substantially justified. Def.'s Resp., 3, ECF No. 34. As I stated in my Opinion and Order, it is the Appeals Council's responsibility to weigh the evidence that supports or detracts from the Commissioner's decision. Opinion and Order, 16, ECF No. 31 (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Gardner v. Colvin*, No. 6:12-CV-00755-JE, 2013 WL 3229955, at *13–14 (D. Or. June 24, 2013) (Jelderks, J.)). The Appeals Council made the new evidence part of the record but determined that it did not provide a basis for changing the ALJ's determination. Opinion and Order, 15, ECF No. 31. Yet the Appeals Council did not explain how it reached that conclusion. *Id.* Although the presence of conflicting evidence is not dispositive of substantial justification, the Commissioner's failure to properly weigh that evidence with the other evidence in the record was not substantially justified.

The Commissioner further contends that her position had a reasonable basis in fact because this Court determined that Smith's carpal tunnel "may" impair her ability to work, Opinion and Order, 17, ECF No. 31, which also implies that it "may *not*." Def.'s Resp., 3, ECF No. 34. However, when remand is based on failure to consider evidence, the substantial justification inquiry should be "directed to the procedural error and not to the question of ultimate disability." *Flores*, 49 F.3d at 569. Regardless of the possibility that Plaintiff's carpal tunnel syndrome may not impair her ability to work, the Commissioner made a procedural error

when she denied Plaintiff review after the new evidence was submitted. As such, the Commissioner's conduct was not substantially justified.

**b. Litigation Position**

"Because the government's underlying position was not substantially justified, [this Court] need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)). If the Commissioner's litigation position were at issue, however, I would conclude that it was not substantially justified. "It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." *Flores*, 49 F.3d at 570 n.11. The Commissioner's arguments that I have already addressed would largely be repeated in defense of her litigation position, which is no more substantially justified than the conduct that gave rise to these proceedings.

**II. EAJA Award**

Smith submitted an itemized statement of services detailing the 41.10 hours her attorney worked on this case at a rate of $190.28 for a total of $7,820.51. Pl.'s Pet., Attach. A, ECF No. 33. The Commissioner disputes whether Smith's requested fee is reasonable.

The Commissioner argues that this Court should reduce the award by ten percent because Smith did not achieve the award of benefits she requested and by two-thirds more because Smith did not prevail on two of the three issues she raised. Def.'s Resp., 5, ECF No. 34. In response, Smith points out that she still has the opportunity to prove her claim and obtain benefits on remand. Pl.'s Reply, 4, ECF No. 37. Smith argues that it is rare for a court to award benefits outright and that she obtained overall success because an ALJ will review her case again. *Id.* at

4–5. Smith also argues that it is impossible to parse out the time her attorney spent on each issue because he spent all of his time on all of the issues. *Id* at 4.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The EAJA limits awards to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja*, 428 F.3d at 876 (citations omitted) ("EAJA provides for an upward adjustment... based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI–U) and dividing the product by the CPI–U of the month that the cap was imposed. *Id.* at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). However, the hours spent on unsuccessful claims should be excluded "where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). In the Ninth Circuit, claims are unrelated if they are both factually and legally distinct. *Blair v. Colvin*, 619 F. App'x 583, 585 (9th Cir. 2015) (citing *Dang v. Cross,* 422 F.3d 800, 813 (9th Cir. 2005)). When it is difficult to divide the hours claim-by-claim because the plaintiff's claims involve a common set of facts or are based on related legal theories, courts should focus on the significance of the overall relief obtained in those cases. *See Id.* at 435. "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating

a case as an inclusive whole, rather than as atomized line-items." *Comm'r, INS v. Jean*, 496 U.S. 154, 161–62 (1990).

This Court defers to Smith's lawyer's professional judgment as to how much time he spent on the case. Although Smith was unsuccessful in two of her claims, they were factually and legally related to her third claim, which was successful. In *Blair v. Colvin*, the Ninth Circuit held that Blair's claims were factually related because the district court had to review a single administrative record and legally related because the court's assessments related to a single determination of Blair's disability. 619 F. App'x at 585. Like the court in *Blair*, I reviewed a single administrative record and was charged with making a single determination of whether the Appeals Council erred in denying Smith's request for further review. Similarly, Smith's attorney reviewed the Appeals Council decision and the record as a whole and prepared his brief based on the issues therein. All three claims concerned evidence in the record that the Appeals Council found immaterial in its denial of Smith's request for a further review. Because the claims are so intertwined, I find them difficult, if not impossible, to parse out. Furthermore, I cannot assume that Smith's attorney spent an equal amount of time on each issue, therefore I decline to divide the award.

I now turn to the question of Smith's overall success. Smith achieved overall success when I reversed and remanded the ALJ's determination that she was not disabled. Opinion and Order, 1, ECF No. 31. I found that the ALJ did not err in its rejection of an examining psychologist's opinion or its evaluation of Smith's credibility. Opinion and Order, 1, ECF No. 31. With regard to Smith's third claim, however, I found that the Appeals Council erred in finding that substantial evidence supported the ALJ's determination that Smith was not disabled despite new evidence that Smith submitted to the Appeals Council. *Id.* The Commissioner

compares this case to *Blair*, in which the plaintiff did not receive an award of benefits and the court limited the scope of remand to her ability to persist and handle workplace stress. Def.'s Resp., 3, ECF No 34; *Blair*, 619 F. App'x at 585. However, Smith is correct that an outright award of benefits is rare and, unlike the court in *Blair*, I remanded her case to the ALJ to reconsider its determination in light of the record *as a whole*, including the new evidence. Therefore, this aspect of *Blair* is not analogous because Smith was successful in getting her case remanded to the ALJ to determine whether she is disabled. Because Smith's claims are interrelated and she obtained overall success in this litigation, I find that Smith's request fee of $7,820.51 is reasonable in light of the circumstances of this case.

## CONCLUSION

For the reasons set forth above, Plaintiff is entitled to attorney fees because the Commissioner's position was not substantially justified. Plaintiff's request for EAJA fees in the amount of $7,820.51 are reasonable. The Court hereby awards attorney fees in the amount of $7,820.51 to Plaintiff's attorney, George J. Wall, pursuant to the EAJA. The Commissioner shall direct payment to George J. Wall at the Law Office of George J. Wall, 1336 E. Burnside St., Suite 130, Portland, Oregon, 97214, on behalf of Plaintiff. This payment is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 22 day of June, 2016.

**Michael J. McShane**
**United States District Judge**